The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Special Deputy Commissioner Alston and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission modifies and affirms the Opinion and Award of the Deputy Commissioner denying recovery for the plaintiff.
 ***********
The Full Commission finds as fact and concludes as matters of law the following:
 STIPULATIONS
1. Plaintiff was employed by Virginia Fork Produce, of Chowan County, North Carolina on or about February 18, 1992, as a truck driver at an average weekly wage of $647.76, including overtime and all allowances.
2. All parties are subject to and abound by the provisions of the North Carolina Workers' Compensation Act, and North Carolina Farm Bureau Mutual Insurance Company was the workers' compensation insurance carrier on or about February 18, 1992.
3. The plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer on or about February 18, 1992, when the truck he was operating ran off the road and overturned.
4. The plaintiff is alleging an injury by accident to his knee and back, on February 18, 1992, arising out of his employment with defendant.
5. The plaintiff was out of work from February 19, 1992 through June 5, 1992, from December 23, 1992 through January 17, 1993, and from July 20, 1994 through March 16, 1995.
6. The defendants paid plaintiff compensation at the rate of $426.00 per week from February 19, 1992 through June 5, 1992, from December 23, 1992 through January 17, 1993, and from September 28, 1994 through March 16, 1995.
7. The plaintiff worked for the defendant-employer from June 6, 1992 through December 22, 1992, from January 18, 1993 through July 1, 1994 and from March 17, 1995 through the present time, earning wages equal to or exceeding $647.76 per week.
8. The defendants had paid plaintiff for twenty-six weeks of compensation at a rate of $426.00 per week for a thirteen percent permanent partial impairment rating to the right knee, in addition to the compensation paid for time lost from work.
9. The defendant-employer have not paid plaintiff's medical bill for an injury which he alleged to his back that occurred at the same time, and out of the same accident, in which he injured his knee.
10. The issues stated by the parties on the record at the hearing are whether plaintiff's back injury was related to the compensable accident on February 18, 1992, the percentage of plaintiff's disability, continuing medical treatment, and whether the plaintiff's back injury is related to his compensable injury.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff was employed as a truck driver by the defendant when he sustained his compensable injury on February 18, 1992. The plaintiff was involved in a motor vehicle accident on said date, when he was ran off the road by another vehicle and his truck turned over in a ditch. The plaintiff suffered an injury to his right knee and alleged an injury to his back. A Form 19 was filed indicating that plaintiff suffered an injury to his knee, right arm, and leg tingling and going numb.
2. The plaintiff is employed with the defendant as a truck driver, and is fifty-two years old with a ninth grade education. The plaintiff did not personally file any report on the accident and did not file any claim with the Industrial Commission until more than two years after the accident.
3. Plaintiff was represented by an attorney at the hearing before the Special Deputy Commissioner. However, no depositions were taken of physicians providing treatment to plaintiff. Rather, the medical records were received into evidence by stipulation.
3. After the injury plaintiff was treated by Dr. J. Gregg Hardy. Dr. Hardy's medical records dated October 29, 1992, reflect that plaintiff was in a truck accident on February 1992 and subsequently had surgery to his knee. After surgery in mid May 1992, plaintiff began to complain of intermittent numbness, tingling and burning in his entire right leg. The plaintiff also complained of transient neck pain as well as numbness and tingling in the right hand. In his office records of November 9, 1992, Dr. Hardy states that plaintiff's lumbosacral MRI disclosed some degenerative disc disease with some central bulging but no cord compression. Plaintiff also had slight bulging at T8-9 and 10-11 with some mild eccentric cord compression. On May 25, 1994, Dr. Hardy noted that plaintiff had begun to have increasing pain in his low back. On June 7, 1994, Dr. Hardy noted that plaintiff's MRI suggest L5, S1 impingement; and on June 16, 1994, Dr. Hardy stated that plaintiff was unable to return to work because of his persistent back and neck pain. The MRI report from Carl L. Kramer, M.D., to whom plaintiff was referred, concluded that plaintiff had a mild to moderate L5 and moderate L5-S1 degenerative disc disease. On June 2, 1994, another MRI was performed on the plaintiff, which showed that at L5-S1 a diffused disc bulge is seen in all directions, associated with type II vertebral in-plate changes and mild loss of disc height and mark loss of the disc signal intensity on T2 weighted images.
4. The plaintiff was also treated by F. Douglas Jones, M.D.. In Dr. Jones' Medical report, he states that "Mr. Walker is a fifty year old gentleman referred through a courtesy of Dr. Hardy for evaluation of back and right leg pain. Apparently plaintiff was involved in an accident at work on February 18, 1992, in which a truck rode over on him. Since that time he has had pain in his back and in his right knee. Plaintiff underwent surgery on his knee and has continued to have some back and right leg pain with radiation down the lateral thigh to the knee region". Dr. Jones had x-rays performed on the plaintiff which showed a moderately severe disc degeneration at both L4-5 and L5-S1, and a slight asymmetry in the appearance of the lateral recesses at L4-5, suggesting a small right-sided disc herniation at L4-5.
5. The plaintiff was released from F. Douglas Jones, M.D. on January 12, 1995 and returned to work. Dr. Jones states that the plaintiff had reached maximum medical improvement and would qualify for a ten percent permanent partial disability related to the back.
6. The plaintiff also was treated by Edwin C. Bartlett, M.D. Dr. Bartlett notes on July 14, 1994, that the plaintiff has advanced degenerative disease of his knee...he is continuing to have problems with his knee and his overall condition has been exacerbated by a herniated disc in his back. On July 27, 1994, Dr. Bartlett states that plaintiff was ready for discharge and was working his normal duties as a truck driver, adding "Plaintiff complains of some pain with some throbbing pain, I think, more related to his history of back trouble than his knee. Most of the knee pain is relieved." Dr. Bartlett concluded that the plaintiff had a thirteen percent permanent partial disability.
7. Neither attorney addressed the causation issue with the doctors nor did they address the causation issue in their contentions. Causation was not discussed in the voluminous medical records. This is a medical question and should be addressed by a physician.
 ***********
Based on the foregoing findings of fact the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Since there was no evidence as to the causation of plaintiff's back condition, plaintiff has failed to carry his burden of proof with respect to his back condition. The employee bears the burden of proving each and every element of compensability. Harvey v. Raleigh Police Dept.,96 N.C. App. 28, 384 S.E.2d 549 (1989); N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's claim with respect to his back condition must be denied. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for compensation with respect to his back condition is hereby DENIED.
2. Each side shall pay its own costs.
This 10th day of March 1999.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ DIANNE C. SELLERS COMMISSIONER
S/_____________ KIM L. CRAMER DEPUTY COMMISSIONER